IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PHD, INC., | Case No. 1:03-CV-02466 |
| Plaintiff, | |
| | Judge Ann Aldrich |
| v. | |
| BANK ONE, et al., | |
| | MEMORANDUM AND ORDER |
| Defendants. | |

Before this Court is the motion of the Official Committee of Unsecured Creditors of PHD, Inc.(the "Committee") requesting reconsideration of this Court's April 23, 2004 Memorandum and Order dismissing certain claims and referring the remainder back to the Bankruptcy Court [Docket No. 30]. In the alternative, the Committee requests that the Court make its April 23, 2004 Memorandum and Order (the "April 23rd Order") [Docket No. 29] final and appealable pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

For the following reasons, this Court grants in part and denies in part the Committee's motion, restoring Claims 17 and 23 in their entirety, restoring Claims 19, 20 and 21 in part, and placing proceedings on these five restored claims on hold until the claims referred to the Bankruptcy Court are resolved, with the exception described below.

**I.    Background**

In the April 23rd Order, the Court referred the majority of the claims in the Committee's Complaint back to the Bankruptcy Court, while dismissing several claims as a matter of law. The following is a summary of the Complaint and its claims against Bank One, NA ("Bank One"), Banc One Capital Partners, LLC ("BOCP"), Stonehenge Financial Holdings, Inc. ("Stonehenge"), Daniel Phlegar

("Phlegar"), Grace Keys ("Keys"), and Richard Henry ("Henry"), and the disposition of those claims according to the April 23rd Order:

| Claim | Type | Basis | Defendant | 4/23 Order |
|---|---|---|---|---|
| Claim 1 | Equitable Subordination | 11 U.S.C. § 510(c) | Bank One | Referred |
| Claim 2 | Improvement in Position | 11 U.S.C. § 547 | Bank One | Referred |
| Claim 3 | Improvement in Position | 11 U.S.C. § 547 | BOCP | Referred |
| Claim 4 | Improvement in Position | 11 U.S.C. § 547(b) | Bank One | Referred |
| Claim 5 | Avoidable Preference | 11 U.S.C. § 547(b) | BOCP | Referred |
| Claim 6 | Avoidable Preference | 11 U.S.C. § 544(b) | Bank One | Referred |
| Claim 7 | Fraudulent Transfer | 11 U.S.C. § 548(a) | Bank One | Referred |
| Claim 8 | Fraudulent Conveyance | 11 U.S.C. § 544(b) | Bank One | Referred |
| Claim 9 | Recovery of Preferential Transfer | 11 U.S.C. § 550 | Bank One & BOCP | Referred |
| Claim 10 | Fraudulent Inducement | Common Law | Bank One | Referred |
| Claim 11 | Fraudulent Inducement | Common Law | Bank One | Referred |
| Claim 12 | Negligent Misrepresentation | Common Law | Bank One | Referred |
| Claim 13 | Negligent Misrepresentation | Common Law | Bank One | Referred |
| Claim 14 | Declaratory Judgment | 28 U.S.C. § 2201 | Bank One & BOCP | Referred |
| Claim 15 | Declaratory Judgment | UCC § 9-203 & Ohio Revised Code § 1309.203 | Bank One & BOCP | Referred |
| Claim 16 | Declaratory Judgment | UCC §§ 9-502, 9-506 & Ohio Revised Code §§ 1309.502, 1309.506 | Bank One & BOCP | Referred |
| Claim 17 | Breach of Fiduciary Duty | Common Law | Phlegar, Henry & Keys | Dismissed against Phlegar, Henry & Keys |

| Claim | Type | Basis | Defendant | 4/23 Order |
|---|---|---|---|---|
| Claim 18 | Breach of Fiduciary Duty | Common Law | Phlegar, Henry & Keys | Dismissed against Phlegar, Henry & Keys |
| Claim 19 | Liability for Acts of Agent | Common Law | Stonehenge | Dismissed |
| Claim 20 | Liability for Acts of Agent | Common Law | BOCP | Dismissed |
| Claim 21 | Aiding & Abetting | Common Law | BOCP | Dismissed |
| Claim 22 | Equitable Subordination | 11 U.S.C. § 510(c) | BOCP | Referred |
| Claim 23 | Breach of Fiduciary Duty | Common Law | Henry & Keys | Dismissed against Henry & Keys |

The April 23rd Order closed this case, subject to reopening if necessary for *de novo* review of any non-core claims that the Bankruptcy Court may address – in other words, Claims 10 through 13. The Court closed by noting that the April 23rd Order was neither final nor appealable.

The Committee's Amended Complaint, which the Court did not consider in the April 23rd Order, added Stonehenge Partners, Inc. ("Stonehenge Partners"), Stonehenge Services, Inc. ("Stonehenge Services"), and Bluestone Investors, LP ("Bluestone") as defendants to the following claims [new defendants in **bold**]:

| Claim | Type | Basis | Defendant | Status |
|---|---|---|---|---|
| Claim 5 | Avoidable Preference | 11 U.S.C. § 547(b) | BOCP **& Stonehenge Services** | Referred |
| Claim 14 | Declaratory Judgment | 28 U.S.C. § 2201 | Bank One, BOCP, **Stonehenge, Stonehenge Partners, Stonehenge Services & Bluestone** | Referred |

| **Claim** | **Type** | **Basis** | **Defendant** | **Status** |
|---|---|---|---|---|
| Claim 15 | Declaratory Judgment | UCC § 9-203 & Ohio Revised Code § 1309.203 | Bank One, BOCP, **Stonehenge, Stonehenge Partners, Stonehenge Services & Bluestone** | Referred |
| Claim 16 | Declaratory Judgment | UCC §§ 9-502, 9-506 & Ohio Revised Code §§ 1309.502, 1309.506 | Bank One, BOCP, **Stonehenge, Stonehenge Partners, Stonehenge Services & Bluestone** | Referred |
| Claim 19 | Liability for Acts of Agent | Common Law | Stonehenge, **Stonehenge Partners, Stonehenge Services & Bluestone** | Dismissed |
| Claim 21 | Aiding & Abetting | Common Law | BOCP, **Stonehenge, Stonehenge Partners, Stonehenge Services & Bluestone** | Dismissed |

In its motion for reconsideration of the April 23rd Order, the Committee argues that the Court committed clear error in refusing to recognize fiduciary duties on the part of directors to creditors of a corporation in the zone of insolvency and dismissing Claim 18. The Committee also argues that the Court clearly erred by dismissing Claim 17 against Phlegar, Henry and Keys because that claim alleged breach of fiduciary duties owed by directors to the corporation and by dismissing Claim 23 against Henry and Keys because that claim alleged breach of fiduciary duties owed by officers to the creditors and the corporation. The Committee also argues that the vicarious liability claims against BOCP, Stonehenge, Stonehenge Partners, Stonehenge Services and Bluestone (Claims 19, 20 and 21) for the actions of Phlegar, should not have been dismissed, since those claims were based on Phlegar's alleged breach of fiduciary duties owed as a director to both the creditors and the corporation. Finally,

-4-

the Committee argues that even if the Court does not reconsider its dismissal of the claims against Phlegar, Henry and Keys (Claims 17, 18 and 23) and the vicarious liability claims against BOCP, Stonehenge, Stonehenge Partners, Stonehenge Services and Bluestone for the actions of Phlegar (Claims 19, 20 and 21), because the April 23rd Order dismisses Phlegar, Henry and Keys from the action completely, the Court should allow the Committee to immediately appeal the April 23rd Order.

## II. Discussion

The Committee's motion to reconsider will be granted only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). In this case, the Committee has produced no new evidence and pointed to no intervening change in controlling law. It also has not alleged any manifest injustice from the April 23rd Order. The Committee does allege clear error on the Court's part with respect to the dismissal of Claims 17, 18, 19, 20, 21 and 23.

With respect to Claim 18 against Phlegar, Henry and Keys for breach of their fiduciary duties owed as directors to creditors of an insolvent corporation, the Committee provides no new legal argument, cites no controlling precedent, and gives this Court no reason to find its April 23rd Order was in error. Put simply, because Ohio statutory law explicitly defines the duties of directors of a corporation, and because that explicit definition does not require directors to consider the interests of creditors, there is no fiduciary duty owed by directors to creditors, regardless of the financial state of the corporation. OHIO REV. CODE § 1701.59(E). Therefore, Claim 18 was properly dismissed against Phlegar, Henry and Keys.

However, the April 23rd Order then proceeded to dismiss Claims 17 and 23. Claim 17

alleged breach of the fiduciary duties owed by Phlegar, Henry and Keys as directors to the *corporation*, not to creditors. Claim 23 alleged breach of the fiduciary duties owed by Henry and Keys as *officers* to both the corporation *and* its creditors. None of the parties had moved to dismiss those claims, and none of the parties briefed those issues before this Court. Whether (1) these directors breached fiduciary duties owed to the corporation, (2) these officers breached fiduciary duties owed to the corporation, and (3) these officers breached fiduciary duties owed to creditors, are questions that have not been properly presented to this Court. Therefore, it was clear error for Claims 17 and 23 to be dismissed. Claim 17 is restored against Phlegar, Henry and Keys and Claim 23 is restored against Henry and Keys.

Similarly, the April 23rd Order dismissed Claims 19, 20 and 21, holding that each of those claims rested upon a presumption that directors of an insolvent corporation owed fiduciary duties to creditors of that corporation. Claims 19, 20 and 21, however, allege various vicarious liability claims against BOCP, Stonehenge, Stonehenge Partners, Stonehenge Services and Bluestone for Phlegar's alleged breach of his fiduciary duties to both PHD and its creditors. By holding that Phlegar owed no fiduciary duties to PHD's creditors, this Court must also hold that BOCP, Stonehenge, Stonehenge Partners, Stonehenge Services and Bluestone may not be held vicariously liable on those grounds. However, the question of whether BOCP, Stonehenge, Stonehenge Partners, Stonehenge Services and Bluestone may be held vicariously liable if Phlegar breached fiduciary duties owed to PHD itself has not been properly presented to this Court. Therefore, it was clear error for Claims 19, 20 and 21 to be dismissed in their entirety. Claims 19, 20 and 21 are restored against BOCP, Stonehenge, Stonehenge Partners, Stonehenge Services and Bluestone, but only for claims of vicarious liability for Phlegar's alleged breaches of fiduciary duty to PHD. Those parts of Claims 19, 20 and 21 that claim vicarious liability for Phlegar's alleged breaches of fiduciary duties to PHD's creditors should have been, were

and remain dismissed.

Because claims against Phlegar, Henry and Keys have been restored, no defendants have been dismissed from this action. Therefore, this order remains non-final and non-appealable. However, because seventeen claims were and remained referred back to the Bankruptcy Court, it would risk potentially inconsistent judgments if this Court were to allow Claims 17, 19, 20, 21 and 23 to proceed to judgment on the merits, as these claims involve virtually the same facts as those referred back to the Bankruptcy Court. For that reason, there shall be no discovery on these claims and no case management conference shall be scheduled until the claims before the Bankruptcy Court are resolved.

The parties will inform the Court when those claims are resolved, and further proceedings on Claims 17, 19, 20, 21 and 23, if necessary, will proceed at that time, with one exception. If the parties wish to present any of the legal questions noted by the Court in the form of a motion to dismiss certain of the remaining claims, the Court will hear those motions as they present pure questions of law that do not risk overlap with the claims before the Bankruptcy Court.

### III.     Conclusion

For the foregoing reasons, the Committee's motion for reconsideration [Docket No. 30] is granted in part and denied in part. This case is re-opened. Claim 18 remains dismissed with prejudice in its entirety. Claims 17 and 23 are restored in their entirety against Phlegar, Henry and Keys. Claims 19, 20 and 21 are restored against BOCP, Stonehenge, Stonehenge Partners, Stonehenge Services and Bluestone, but only so far as they allege vicarious liability for Phlegar's alleged breach of fiduciary duties to PHD. Aside from the exception noted above, no further proceedings will occur with respect to these five restored claims until the seventeen claims referred back to the Bankruptcy Court by the April 23rd Order are resolved. If the parties wish to present any of the four questions noted by the Court

in the form of a motion to dismiss certain of these five claims, any motions to dismiss should be filed by December 2, 2005.

       IT IS SO ORDERED.

                                              s/Ann Aldrich  
                                              ANN ALDRICH  
                                              UNITED STATES DISTRICT JUDGE

**Dated: October 24, 2005**